UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.11-10086-CIV-Martinez/Garber

RPM NAUTICAL FOUNDATION, LLP, A
WASHINGTON, D.C. NON-PROFIT CORP.,

    Plaintiff,
v.

NEW STOCK ISLAND, INC., A FLORIDA
CORPORATION; OLD REPUBLIC TITLE
ESTATE OF THOMAS J. DIDATO, ESQ.;
CENTENNIAL BANK, N.A.. AN ARKANSAS
BANKING CORPORATION,

    Defendants.
_____/
CENTENNIAL BANK, N.A.,

    Third Party Plaintiff,
v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receiver for
Key West Bank,

    Third Party Defendant,
_____/

## ORDER

    THE COURT has received, pursuant to a referral from United States District Judge Jose E. Martinez, the defendant Centennial Bank's Motion for Approval of Supersedeas Bond to Stay Execution of Final Judgment Pending Appeal [DE 321]. The Court has also received a Response in Opposition by the plaintiff and Centennial's Reply thereto.

    Plaintiff has obtained a judgment against the defendant in the amount of $1,400,190.71. Defendant has filed an appeal in the Eleventh Circuit Court of Appeals and seeks to stay execution on said judgment by posting a supersedeas bond in the form of a

cashier's check in the amount of $1,540,209.78, which is 110% of the amount of the judgment.

Rule 62(d) of the Federal Rules of Civil Procedure provides as follows:

> **Stay with Bond on Appeal.**  If an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . The bond may be given upon or after filing the notice of appeal or after the order allowing the appeal.  The stay takes effect when the court approves the bond.

The issue of supersedeas bonds is considered in Rule 62.1 of the Local Rules of the United States District Court for the Southern District of Florida, which states:

> **(A) Appeal Bond.**  A supersedeas bond staying execution of a money judgment shall be in the amount of 110% of the judgment to provide security for interest, costs, and any award of damages for delay.  Upon its own motion or upon application of a party the Court may direct otherwise.

It is thus apparent to the Court, and should be as well to counsel for the plaintiff, that the purpose of such bond is to assure the existence of funds to satisfy the judgment and related costs in the event that the judgment is affirmed.  Clearly, the deposit of a cashier's check in an amount of 110% of the judgment will satisfy such requirement.

The defendant Centennial, in its proposal to deposit the cashier's check with the Court, satisfies the requirements of the Federal Rule and Local Rule. The amount deposited with the clerk of court will accrue interest while so deposited.

Accordingly, upon due consideration and for the reasons set forth above, it is hereby

ORDERED that the defendant Centennial Bank's Motion for Approval of Supersedeas Bond to Stay Execution of Final Judgment Pending Appeal [DE 321] is GRANTED.

DONE AND ORDERED in Chambers at Miami, Florida this 14th day of May 2014.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE