UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.11-10086-CIV-Martinez/Garber

RPM NAUTICAL FOUNDATION, LLP, A
WASHINGTON, D.C. NON-PROFIT CORP.,

    Plaintiff,
v.

NEW STOCK ISLAND, INC., A FLORIDA
CORPORATION; OLD REPUBLIC TITLE,
ESTATE OF THOMAS J. DIDATO, ESQ.;
CENTENNIAL BANK, N.A.. AN ARKANSAS
BANKING CORPORATION,

    Defendants.
_____/
CENTENNIAL BANK, N.A.,

    Third Party Plaintiff,
v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receiver for
Key West Bank,

    Third Party Defendant,
_____/

## ORDER

THE COURT has received, pursuant to a referral from United States District Judge Jose E. Martinez, plaintiff RPM Nautical Foundation, LLP's Verified Motion to Tax Costs Against defendant Centennial Bank, N.A. (DE 329) and Commercial Bank's Response in Opposition (DE 335). Additionally, a hearing was held on the matter on June 10, 2014 during which both parties had full opportunities to present argument to the Court. Upon due consideration, RPM's motion is

granted in part and denied in part as follows.

RPM, the prevailing party, seeks to tax various costs, totaling $6,120.67,[1] against Centennial, one of eight defendants in this litigation. Centennial objects to both RPM's entitlement to these costs as well as the amounts sought.

I.     **Centennial's General Objections Are Unavailing**

First, Centennial argues that RPM is not entitled to recover its costs from Centennial because RPM failed to exhaust its administrative remedies by not including a request for those costs in its proof of claim. In support of its contention, Centennial draws attention to the district court's finding that the court lacked jurisdiction over another party's claim against Centennial. (Omnibus Order, DE 286, 6.) However, that party never made any administrative claim whatsoever. The court lacked jurisdiction in that instance because that party never subjected its claim to the administrative process at all. Further, Centennial has not provided any support for its contention that a plaintiff must include a request for costs in a proof of claim submitted to the FDIC in order for that same plaintiff to ultimately recover costs from another entity entirely over which that plaintiff later prevails in litigation. Because of the strong presumption in favor of awarding costs, *Arcadian Fertilizer, L.P. v. MPW Indus. Serv., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001), and Centennial's failure to provide explicit authority for the necessity of seeking costs administratively, the Court finds Centennial's argument unavailing.

---

[1] RPM states in its motion that it is seeking $6,203.86 in costs. However, in reconciling the total amount requested with the specific line items listed in the exhibits to RPM's bill of costs, the Court finds the correct total amount requested should actually be $6,120.67. The discrepancy appears to arise in the amount listed for "Other costs" on the "Bill of Costs" form as compared to the costs actually specified in RPM's Exhibit D (DE 329, 52). In any event, the Court does not find that RPM has established its entitlement to the difference between these two amounts.

2

Centennial's other general argument in opposition to the awarding of costs is that, since RPM could not have recovered its costs against FDIC, based on the FDIC's sovereign immunity, it is foreclosed from recovering its costs from Centennial. This is so, according to Centennial, because RPM's claim against Centennial flows from its claim against FDIC. While the case law is clear that sovereign immunity, unless waived, exempts the government from liability from costs and attorneys' fees, the Court is not persuaded that such immunity would be transferred to a non-governmental entity who is ultimately determined to be liable for the claimed loss. This argument, therefore, also fails.

II.   **Certain Costs Claimed by RPM Are Not Taxable to Centennial**

At the June 11, 2014 hearing before the Court, RPM conceded that the following costs were not taxable:

> (1) *Pro hac vice* admission fee for out-of-state counsel in the amount of **$76.10**;
> (2) Mediation fees incurred in the amount of **$1,666.32**; and
> (3) Copying fee in the amount of $**33.00**.

The parties also disputed the taxability of costs associated with transcripts of hearings on a motion to dismiss and a motion for summary judgment in the state court action prior to removal. In the face of Centennial's objection to these costs, the Court finds that RPM has not met its burden in establishing that the transcripts were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Thus the **$900.00** requested in costs related to the hearing transcripts is also disallowed.

RPM also conceded that a number of fees that are solely attributable to other defendants and which should have been disposed of by reason of various settlements and adjudications are not properly taxed to Centennial. These costs are comprised of the following:

>(1) Filing fee which is attributable only to defendants FDIC-C and FDIC-R in the amount of **$350.00**;
>(2) Summonses issued to or because of defendants NSIP, Old Republic, Key West Bancgroup, and Thomas J. DiDato, P.A. in the total amount of **$40.00**; and
>(3) Service of Process fees attributable only to defendants Old Republic, NSIP, Key West Bancgroup, and Thomas J. DiDato, P.A. in the total amount of **$160.00**.

### III.     **The Remaining Costs Are Properly Taxed Against Centennial**

With respect to costs generally, the "presumptive rule is joint and several liability is applied . . . unless it is clear that one or more of the losing parties is responsible for a disproportionate share of the costs." *See Palma v. Safe Hurricane Shutters, Inc.*, 895 F. Supp. 2d 1268, 1274 (S.D. Fla. 2012) (citing case law from the Third, Seventh, and Eighth Circuits). Centennial argues that it has overcome the presumption of joint and several liability for a number a reasons.

First, says Centennial, the remaining costs cannot be assessed against it because the district court, in dismissing RPM's claims against NSIP and Old Republic, directed "each party to bear their own attorney's fees and costs." (DE 167, Order of Dismissal 1.) Although the order of dismissal only applied to RPM's claims against two defendants, NSIP and Old Republic, Centennial maintains that the directive regarding costs should apply across the board, to the entire litigation. The Court finds this to be, at best, a strained reading and interprets the order of dismissal as applying to only the claims and defendants related to the dismissal: that is, directing RPM, NSIP, and Old Republic to bear their own costs with respect to aspects of the litigation that pertain solely to the claims dismissed. As discussed above, those costs in particular were conceded by RPM at the hearing before this Court (*see* Section II., above). The order of dismissal does not foreclose RPM's ability to seek costs that relate to other aspects and claims of the litigation.

Next, Centennial complains that, of the remaining costs, it should only be responsible for one eighth of the total amount. According to Centennial, this is so because, with respect to the other seven defendants: RPM's claims failed against two defendants; the district court prohibited RPM from collecting from two others; and RPM waived its entitlement to costs as to the remaining three defendants. The Court fails to see how this establishes that these seven defendants are "responsible for a disproportionate share of the costs" as compared to Centennial. It appears from the parties' submissions, that the remaining costs would have been incurred by RPM regardless of whether the other seven defendants were involved in the litigation or not. Further, Centennial has not alleged that fewer of the remaining costs would have been incurred but for the involvement of the other seven defendants. As such, the Court finds Centennial fairly charged with the remainder of the costs. Upon examination, said costs are all properly taxable pursuant to 28 U.S.C. § 1920.

IV.     **Conclusion**

As detailed above, in Section II., of the $6,120.67 in costs sought by RPM against Centennial, the Court finds that RPM has conceded its lack of entitlement to various costs totaling **$2,325.42** ($76.10 for a pro hac vice fee plus $1,666.32 in mediation fees plus $33.00 in certain copying fees plus $350.00 in certain filing fees plus $40.00 for certain summonses plus $160.00 in certain process of service fees). The Court has further found that RPM failed to establish its entitlement to **$900.00** in costs incurred related to various hearing transcripts. Subtracting these amounts, $2,325.42 and $900.00, from the total amount requested, $6,120.67, the Court finds the remainder of the costs incurred by RPM to be taxable in the amount of: **$2,895.25**.

Accordingly, and upon due consideration, it is hereby

ORDERED that plaintiff RPM Nautical Foundation, Inc.'s Verified Motion to Tax Costs

Against Centennial Bank (DE 329) is hereby GRANTED IN PART and DENIED IN PART such that RPM shall have and recover from Centennial the sum of $2,895.25, plus post-judgment interest, as and for reasonable and necessary costs incurred by the defendant as discussed above.

DONE AND ORDERED in Chambers at Miami, Florida this 13th day of June 2014.

*Barry L. Garber*
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE